Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERADATA CORPORATION, TERADATA US, INC. and TERADATA OPERATIONS, INC.,

Plaintiffs,

v.

SAP SE, SA AMERICA, INC., and SAP LABS, LLC,

Defendants.

No. 2:20-mc-00074-RSM

**THIRD-PARTY MICROSOFT CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

RESP. TO MOTION TO COMPEL
(2:20-mc-00074-RSM)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I.  INTRODUCTION

The Teradata Corporation plaintiffs' (collectively "Teradata") filed this motion merely six days after the parties began discussing Teradata's newly-raised concerns and before Microsoft had completed its investigation into those concerns. Microsoft, a non-party in this litigation, requests that the Court deny Teradata's motion to compel because Microsoft is currently conducting and has conducted reasonable searches for *and* has produced and is currently producing responsive material.

Teradata's motion reflects an unfortunate pattern: Teradata notifies Microsoft of an issue and then races to court with a motion to compel instead of giving Microsoft the opportunity to investigate. Teradata did precisely this in August 2020, when it filed its first motion to compel, presented arguments the parties never previously discussed, and then withdrew the motion when Microsoft's opposition described its upcoming production. *See* ECF Nos. 1, 6.

Teradata's latest motion repeats this pattern. After months of silence, Teradata raised for the first time issues with Microsoft's production. Microsoft immediately responded, explaining it would investigate and continue to work with Teradata. Instead of allowing that process to proceed, Teradata again raced to court and filed this motion on December 24. Microsoft has produced thousands of pages of responsive documents, has remained in contact with Teradata, and has continuously acted in good faith to respond to overlapping, overly broad, and burdensome subpoenas from Teradata and the SAP defendants. Because Microsoft is continuing to investigate Teradata's recently-raised concerns, the parties lack a ripe dispute. The Court should therefore deny Teradata's latest motion so the parties may continue working toward a resolution, as the federal and local rules require.

## II.  FACTUAL BACKGROUND

### A.  Teradata Previously Filed a Motion to Compel to Use "Public Filings" to Damage Microsoft's Reputation.

Microsoft is not a party to the lawsuit Teradata brought against SAP. *See* ECF No. 14 ("Mot.") at 1-2. Teradata and SAP began discovery in December 2018. Case No. 3:18-CV-

RESP. TO MOTION TO COMPEL
(2:20-mc-00074-RSM) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

03670-WHO, ECF No. 74 (N.D. Cal.). On May 22, 2020, more than a year later, Teradata served Microsoft the subpoena at issue. *See* ECF No. 16 ("Cross Decl. II"), Ex. 1 at 6. Teradata's approach to third-party discovery began a needlessly contentious process, in which it refused to respond to Microsoft's questions, reasonably narrow its document requests, or extend common courtesies while Microsoft and its counsel attempted to work around witness and attorney schedules in the midst of the COVID-19 pandemic. *See* ECF No. 6 ("Microsoft Sept. Opp.") at 1-3.

In response to Teradata's subpoena, Microsoft timely raised objections to Teradata's document requests, located and produced thousands of pages of documents to Teradata, met and conferred with Teradata's counsel in an effort to clarify and narrow Teradata's requests, and provided ongoing status reports. *See* Cross Decl. II, Ex. 4; Microsoft Sept. Opp. at 1-4; ECF No. 8 ("Byer Decl. I"). Throughout this process, Microsoft repeatedly confirmed that Teradata had no case deadlines on the horizon. Byer Decl. I ¶ 7, Exs. 4, 7.

Microsoft, however, was met with Teradata's consistent threats to "seek relief from the court" and use "public filings in motion practice" to damage the reputation of Microsoft as a leading software company. *See* Byer Decl. I, Ex. 3 at 1; ECF No. 1-1, Ex. 7 at 2. Eventually, without responding to Microsoft's questions—and without meeting and conferring—Teradata filed its first motion to compel. *See* ECF No. 1; Byer Decl. I ¶ 11.

**B.    In September 2020 Microsoft Told Teradata Exactly What Its Supplemental Production Included, Rendering Teradata's Motion to Compel Moot.**

On September 4, 2020, Microsoft described in detail what it would be producing as part of its supplemental document production, and that it believed this production would satisfy Teradata's subpoena. Byer Decl. I ¶ 13. Microsoft requested Teradata withdraw its motion because the parties had not met and conferred as required, and because Microsoft's upcoming production would render the motion moot. *Id.* Teradata refused. *Id.* On September 14, 2020, Microsoft therefore filed its response to Teradata's motion describing (again) what Microsoft would be producing in response to certain document requests and explaining why Microsoft was

RESP. TO MOTION TO COMPEL
(2:20-mc-00074-RSM) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

not producing documents in response to other documents requests. *See* Microsoft Sept. Opp. at 6-11. Teradata now states that "[r]elying on this representation, Teradata withdrew its motion." *See* Mot. at 1.

Subsequently, Microsoft continued its ongoing negotiations with counsel for SAP to amend the protective order to protect Microsoft's production. Byer Decl. II ¶ 2. SAP's counsel explained that it was coordinating that amendment with Teradata's counsel and counsel for other third parties requesting similar modifications. *Id*. On October 21, 2020, Teradata wrote Microsoft proposing that Teradata file a new protective order in the Western District of Washington rather than amend the existing protective order in the Northern District of California so that other third parties who had been subpoenaed by Teradata and SAP could not benefit from the amendment. Cross Decl. II., Ex. 8 at 1-2. Microsoft subsequently followed up with Teradata, requesting a draft of Teradata's proposal, but Teradata did not provide a copy until November 24, 2020. *Id.*, Ex. 9 at 12. That same day, Microsoft responded, objecting to this proposal because, among other things, filing a protective order in this Court so other third parties would have difficulty finding the protective order lacks candor and Microsoft needs confidentiality protections in the court in which this litigation is ensuing. *Id*. at 11. Teradata and SAP agreed upon and filed an amended protective order in the Northern District of California on December 9—nearly 3 months after Teradata withdrew its first motion to compel. *Id*. at 8-9; Case No. 3:18-CV-03670-WHO, ECF No. 355 (N.D. Cal.). The *next day*, Microsoft produced the documents it had described to Teradata in September. Byer Decl. II ¶ 3, Ex. 1.

### C.   Teradata (Again) Filed a Motion to Compel Prematurely.

On December 14, Teradata contacted Microsoft to discuss the production. Cross Decl. II, Ex. 9 at 7-8. On December 18, the parties met and conferred and Teradata raised, for the first time, alleged deficiencies with Microsoft's long-planned production. Byer Decl. II ¶ 4.

Teradata (a) disputed those requests that Microsoft indicated it had fully completed, (b) refused to narrow or compromise on requests that were overly burdensome and required manual assembling not in the ordinary course of business, and (c) did not address the objections

RESP. TO MOTION TO COMPEL
(2:20-mc-00074-RSM) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

that Microsoft had set out in its opposition to Teradata's first motion to compel. Byer Decl. II ¶ 5. Additionally, Teradata raised new requests, requiring interviews of various personnel on multiple product lines to determine whether responsive documents existed, all to be done at a time when most of Microsoft's personnel were on holiday. *Id*.

When Teradata threatened to file another motion to compel, Microsoft explained that it would need at least until January 18 to respond because the intervening holidays prevented Microsoft from completing any meaningful investigation across all the various product lines to issues it believed had been resolved. Cross Decl. II, Ex. 9 at 5.

On December 23, Microsoft's counsel explained that his client contact, and many Microsoft employees, were out for the holidays, but also identified the additional searching and production Microsoft was doing and willing to do to further supplement its production in response to the specific issues Teradata raised. Byer Decl. II, Ex. 2. Among other things, this letter explained Microsoft fully responded to at least two of the requests Teradata had identified as lacking and on which Teradata now moves (requests 2 and 3). *See id.*, Ex. 2 at 1-2. On December 24, Teradata filed this motion, noting the motion for a date that would make Microsoft's response due the first business day after the holidays—a date Teradata knew would fall before Microsoft could complete its investigation and the parties could finish the meet and confer process. *See* ECF No. 14. Microsoft has continued to investigate whether it has fully responded to requests 2 and 3, and whether it can reasonably locate responsive documents in response to the remaining requests Teradata recently raised. Byer Decl. II ¶ 6.

### III.   ARGUMENT

#### A.   Burdensome third-party discovery requires a meaningful meet and confer.

A party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). As a non-party, Microsoft is entitled to greater protection from discovery burdens than a party to the underlying litigation. *See Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980); *Rollins v. Traylor Bros., Inc.*, 2017 WL 1756576, at *1 (W.D. Wash. May 5, 2017)

RESP. TO MOTION TO COMPEL
(2:20-mc-00074-RSM) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

("[D]iscovery against a nonparty is more limited than the liberal discovery against parties."); *Kim v. NuVasive, Inc.*, 2011 WL 3844106, at *2 (S.D. Cal. Aug. 29, 2011) ("Non-parties deserve extra protection from the courts."). The "word nonparty serves as a constant reminder of the reasons for the limitations that characterize 'third-party' discovery." *Dart*, 649 F.2d at 649 (quotation marks omitted).

"[P]arties should only seek Court intervention if the parties reach an impasse on a substantive issue." *Flores v. US Immigration & Customs Enf't*, 2019 WL 1875371, at *2 (W.D. Wash. Apr. 26, 2019). Rule 37(a)(1) and Local Rule 37(a)(1) require a party moving to compel discovery to include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action" that "list[s] the date, manner, and participants to the conference." Fed. R. Civ. P. 37(a)(1); Local Rule 37(a)(1). These rules require the moving party to certify that the parties have, among other things, engaged in a full discussion of the parties' positions regarding particular document requests "until no additional progress is possible." *Beasley v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 1268709, at *1 (W.D. Wash. Mar. 25, 2014) (denying motion to compel where plaintiff filed motion instead of responding to concerns raised by defendant). In other words, the parties must reach an impasse before a motion to compel is filed. *See id.* at *2. When the parties are still attempting to resolve their disputes, a motion to compel is premature and should be denied. *Flores*, 2019 WL 1875371, at *2.

### B. Teradata's Motion is premature because it failed to exhaust the meet and confer process.

Teradata's motion to compel is (again) premature because the parties have not completed the meet and confer process and so there are no ripe disputes for the Court to decide. Importantly, for most of the requests (Request Nos. 1, 4, 5, 7 and 9), Microsoft communicated to Teradata its ongoing investigation into specific issues Teradata raised during the parties' December 18th discussion. *See* Byer Decl. II, Ex. 2 at 1; Cross Decl. II, Ex. 9 at 1-4. For the remaining document requests (Request Nos. 2-3), Microsoft confirmed on December 23 that it

RESP. TO MOTION TO COMPEL
(2:20-mc-00074-RSM) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

had produced all responsive, non-privileged documents it located, after conducting additional searches at Teradata's request. *See* Byer Decl. II, Ex. 2 at 1-2. Teradata had known Microsoft's position since September. Teradata filed its motion to compel on December 24, the day after Microsoft identified the information it believed it had already fully produced and what it would investigate, showing Teradata never intended to engage in the meet and confer process in good faith and had already decided to file its ready-drafted motion to compel.

Teradata cannot credibly justify its preemptive motion to compel on Microsoft's supplemental document production. The day after Teradata and SAP finally filed the protective order, Microsoft produced the very documents it told Teradata in September that it would produce. Teradata could and should have raised any concerns in September, October, or November based upon Microsoft's opposition to Teradata' first motion. Teradata did not, choosing instead to wait until just before the holidays to raise its concerns.

Teradata attempts to justify its impatience to file this motion by asserting that Microsoft "still refuses to produce the documents Teradata needs," but that simply is not true, as the communications between counsel reflect. *See* Mot. at 1; Cross Decl. II, Ex. 9; *See* Byer Decl. II, Ex. 2. Instead, Teradata rushed to file this motion and denied Microsoft a meaningful opportunity to investigate the issues Teradata raised on December 18. Because the parties have not reached the point where "no additional progress is possible," Microsoft asks that the Court deny Teradata's motion.

**C.  Teradata's motion also fails on the merits.**

Even if Teradata had met the certification requirement (and it has not and cannot, given Microsoft has continued to work cooperatively with Teradata and has not completed its investigation), Teradata's motion would still fail because Microsoft's document productions made to date satisfy its Rule 45 obligations and Microsoft continues to investigate potentially responsive documents it can locate without undue burden.

RESP. TO MOTION TO COMPEL
(2:20-mc-00074-RSM) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### 1. Request No. 1

Teradata's Request No. 1 demands that Microsoft produce all "[d]ocuments comprising or reflecting [Microsoft's] product roadmaps, promotional materials, product development plans, and marketing plans for each of the ERP Applications or EDAW Products and related services that [Microsoft] offer[s]."  Cross Decl. II, Ex. 1 at 15.  Microsoft's opposition to Teradata's prior motion to compel explained that although Teradata subsequently agreed "not to request product roadmaps or product development plans," it still demands promotional materials and marketing plans for *each* of the 28 versions of one product, and "all versions" of three additional products, from January 2011 through the present.  *See* Microsoft Sept. Opp. at 7.  Microsoft's previous opposition further explains why this request is overly broad and burdensome, since even the revised request covers dozens of versions of one product, all versions of two other products, and encompasses nearly ten years of marketing copy and plans.  *See id*.  Requiring Microsoft to search its records for and produce these materials would require extensive employee time and expense to locate, gather, review, catalog and produce, imposing an undue burden on a third-party especially in balancing their relevance to the litigation.  *Id*.

Even though Microsoft clearly set forth its objections to this request, Teradata waited three months to respond, and when it did, Teradata did not narrow its request but simply reiterated its same demand and then filed the present motion.  *See* Byer Decl. II ¶ 7; Cross Decl. II, Ex. 9 at 1-3.  Even so, Microsoft agreed to investigate what responsive and relevant documents it could provide efficiently.  *See* Byer Decl. II, Ex. 2 at 1.  Because Teradata rushed to file this motion over the holidays when Microsoft personnel were out of the office, Microsoft has not had an opportunity to finish its renewed investigation.

### 2. Request No. 2

Teradata's Request No. 2 demands that Microsoft produce all "[d]ocuments reflecting or concerning any assessment or evaluation of competition between or among Microsoft, Oracle, IBM, Teradata, and SAP for ERP Applications and/or EDAW Products and all data underlying or evaluated in such assessments or evaluations."  *See* Cross Decl. II, Ex. 1 at 15.  Teradata

RESP. TO MOTION TO COMPEL
(2:20-mc-00074-RSM) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

previously explained that this request sought Microsoft's competitive intelligence reports. *See* Byer Decl. I ¶ 2(b); *see also* Mot. at 8. Microsoft explained that it conducted an extensive search for responsive materials, not limited by year or industry, and produced all non-privileged material located. *See* Byer Decl. II ¶ 8, Ex. 2 at 1; Cross Decl. II, Ex. 9 at 3. Unsatisfied, on December 18th, Teradata demanded Microsoft conduct additional searching for competitive assessment of the data warehouse and analytics market. Microsoft did so and confirmed it does not have additional responsive documents. *See* Byer Decl. II ¶ 8, Ex. 2 at 1-2. Teradata now requests "Microsoft be compelled to conduct a robust search for responsive competitive assessments." Mot. at 8. Microsoft, however, has already conducted robust searching and produced the results. Byer Decl. II ¶ 8, Ex. 2 at 1. The Court should deny Teradata's motion on this request because Microsoft has searched for and produced all responsive materials it located.

### 3. Request No. 3

Teradata's Request No. 3 demands that Microsoft produce all "[d]ocuments reflecting Microsoft's wins and losses of sales of ERP Applications and EDAW Products in competition with Oracle, IBM, Teradata, or SAP, including for each win and loss an identification of the product and supplier the customer switched away from and identification of the product and supplier it switched to." *See* Cross Decl. II, Ex. 1 at 15. Teradata subsequently explained that this request seeks Microsoft's win-loss reports. *See* Byer Decl. I ¶ 2(c); Mot. at 8. Microsoft conducted an extensive search for responsive materials—without filtering by year and without limiting the description to wins or losses—and produced all non-privileged material located. *See* Byer Decl. II ¶ 9, Ex. 2 at 2; Cross Decl. II, Ex. 9 at 3. Again, Teradata was unsatisfied with Microsoft's search and production, and requested additional searches. *See* Byer Decl. II ¶ 9, Ex. 2 at 2. Microsoft conducted additional searching and did not locate any additional materials responsive to the request. *Id.* The Court should deny Teradata's motion on this request because Microsoft has searched and produced all responsive materials located.

RESP. TO MOTION TO COMPEL
(2:20-mc-00074-RSM) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

### 4. Request No. 4

Teradata's Request No. 4 demands that Microsoft produce "[d]ocuments sufficient to identify [Microsoft's] top 100 customers by revenue for each of the ERP- and EDAW-based products or services [Microsoft] offer[s], the specific Microsoft ERP- or EDAW-based products or services that each such customer purchases, the amounts paid annually by each such customer for each of those ERP- or EDAW-based products or services, and when each such customer began using and stopped using (for any that stopped) each of those ERP- or EDAW-based products or services." *See* Cross Decl. II, Ex. 1 at 15-16. Microsoft objected to this request, among other reasons, as overly broad and unduly burdensome, given that Microsoft is a not a party to the underlying litigation, because it requires extensive employee time to assemble the data manually as Microsoft does not store it in the way requested as part of its ordinary course of business. *See* Microsoft Sept. Opp. at 9.

Even so, Microsoft's prior opposition stated that it agreed to produce documents for its top 10 customers for each product for each year Teradata requested, and explained why producing similar documents for 90 smaller customers would be burdensome; a burden that outweighs any relevance these documents may have. *See id.* Microsoft's outside counsel also explained this to Teradata's counsel on September 4th. *See* Byer Decl. II ¶ 10. Because Teradata withdrew its motion in response, and did not communicate any objection, Microsoft believed Teradata was satisfied with the production for the top 10 customers. *See id.*; Ex. 2 at 2.

In its motion, Teradata now claims Microsoft's production of documents in response to this request is insufficient. Again, Teradata waited until December 18, 2020—three months after Microsoft filed its opposition and days before filing this motion—to object to Microsoft producing documents for its top 10 customers. *See* Cross Decl. II, Ex. 9 at 1-3; Byer Decl. II ¶ 10. Further, Teradata agreed to accept production of documents for Microsoft's top 25 customers during the parties' December 18 meet and confer, yet in this motion demands documents for all 100 customers. *See* Byer Decl. II ¶ 10; Ex. 2 at 2. On January 4, Microsoft

RESP. TO MOTION TO COMPEL
(2:20-mc-00074-RSM) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

agreed to produce documents for Microsoft's top 25 customers under the amended protective order and Teradata agreed (again) to accept this for Request No. 4. *See* Byer Decl. II ¶ 10, Ex. 4.

### 5. Request Nos. 5 and 7

Teradata's Request Nos. 5 and 7 demand that Microsoft produce all documents "comprising or relating to any communications" with SAP regarding two SAP products (*see* Request No. 5), and "comprising or relating to any communication" with SAP or others concerning any restrictions or prohibitions imposed by SAP in connection with two other groups of products (*see* Request No. 7). *See* Cross Decl. II, Ex. 1 at 16. Teradata has continuously shifted what it wants Microsoft to collect and produce for these requests, and changed again just prior to filing this motion.

For example, Teradata spent months initially requesting Microsoft search for communications **with SAP** and "identified three Microsoft employees who [Teradata claimed] had many communications with SAP during the relevant time period." Cross Decl. II, Ex. 6 at 9. Microsoft objected that Teradata failed to "adequately explain why [it] need[ed] Microsoft to search for communications with SAP. . ., which [it] can get directly from SAP." Byer Decl. II, Ex. 3 at 1. Teradata claimed "limits on certain eDiscovery" existed in its lawsuit with SAP but never explained why those limits preventing it from obtaining relevant discovery or why it had to burden a third party for those communications. *Id*.

Teradata's first motion to compel then shifted positions by arguing that the request focused on **internal Microsoft emails** "relating to any communications" with or about SAP. ECF No. 1 at 10-11. Microsoft's opposition explained that SAP's motion failed to show that hypothetical internal emails would be relevant and that "Courts routinely reject such requests" because "Microsoft would have no way to locate all emails somehow 'related to' communications with SAP." Microsoft Sept. Opp. at 10-11 citing *Cardenas v. Dorel Juvenile Grp., Inc.*, 230 F.R.D. 611, 623 (D. Kan. 2005) (requests for all documents "'relating to' . . . a general category or broad range of documents" is facially overbroad); *Woodmen of the World Life Ins. Soc'y v. U.S. Bank Nat'l Ass'n*, 2012 WL 1637246, at *13 (D. Neb. May 7, 2012) (a

RESP. TO MOTION TO COMPEL
(2:20-mc-00074-RSM) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

request "couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope" is overbroad) (quotation marks omitted). In response, Teradata withdrew its motion to compel and did not raise any issues with Microsoft's position until December. *See* ECF No 11; Byer Decl. II, ¶ 11.

On December 18th, Teradata again shifted positions, this time demanding Microsoft conduct "searches for four sets of emails: "(1) internal Microsoft emails about communications Microsoft had with SAP, (2) complaints Microsoft received from its customers about SAP, (3) complaints Microsoft made to its customers about SAP, and (4) any complaints Microsoft made to antitrust regulators about SAP." *See* Byer Decl. II, ¶ 11, Ex. 2 at 2. And rather than search for such emails in the possession of the employees SAP had previously identified—the three employees who managed Microsoft's relationship with SAP—Teradata now asked Microsoft to search for such e-mails in the possession of the employees who manage Microsoft's relationships with the 25 largest customers it sought in Request No. 4. Byer Decl. II, ¶ 11.

Although Request Nos. 5 and 7 remains objectionable, Microsoft communicated that it was nonetheless working to investigate its new request. *See* Byer Decl. II ¶ 11, Ex. 2 at 2. Teradata, however, filed this motion less than a week after this major modification of the requests. The six days that Teradata provided just before the holidays was not a meaningful opportunity to identify the newly requested custodians or whether they were reasonably likely to have these new communications. The meet and confer process on these requests is not complete, and the Court should deny the motion as to these requests.

### 6. Request No. 9

Teradata's Request No. 9 demands that Microsoft produce "[d]ocuments sufficient to show the existence of any restrictions or prohibitions imposed by SAP" on the operation of SAP's ERP Applications. *See* Cross Decl. II, Ex. 1 at 16. Teradata's motion incorrectly states that Request No. 9 seeks "other internal Microsoft documents *recognizing* the impact of SAP's licensing restrictions on Microsoft and its customers." *See* Mot. at 11 (emphasis added). Request 9 does not request Microsoft's *recognition of the impact* of SAP restrictions; it simply

RESP. TO MOTION TO COMPEL
(2:20-mc-00074-RSM) - 11

asks for documents showing *the existence* of any restrictions on the products' operation. Teradata provides no explanation as to why it cannot obtain SAP's restrictions from SAP. *See Casterlow-Bey v. Trafford Publ'g*, 2017 WL 11358483, at *3 (W.D. Wash. Oct. 30, 2017); *Arista Records LLC v. Lime Grp. LLC*, 2011 WL 679490, at *2 (W.D. Wash. Feb. 9, 2011). As with Request Nos. 5 and 7, Microsoft's September opposition explained why it was not producing in response to this request. *See* Microsoft Sept. Opp. at 11. And as with Request Nos. 5 and 7, Teradata waited until just before the holidays to request that Microsoft conduct additional searching. *See* Byer Decl. II ¶ 12. Even so, Microsoft conducted a search for documents sufficient to show any interoperability of SAP's products and Microsoft's ERP products, and produced the responsive documents on December 31. *See id*. Microsoft has no reason to believe it has documents describing the interoperability of SAP's products with third-party products, and Teradata can obtain that information from SAP through party discovery or from the other third-parties it has subpoenaed that sell those products. *Id*.

## IV.   CONCLUSION

For the reasons stated above, Microsoft respectfully requests the Court deny Plaintiffs' Motion to Compel Discovery from Microsoft Corporation.

DATED this 4th day of January, 2021.

Davis Wright Tremaine LLP
Attorneys for Microsoft Corporation


By: *s/ Benjamin J. Byer*
     Benjamin J. Byer, WSBA #38206
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206.622.3150
Fax: 206.757.7700
Email: benbyer@dwt.com

RESP. TO MOTION TO COMPEL
(2:20-mc-00074-RSM) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax