Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERADATA CORPORATION, TERADATA US, INC. and TERADATA OPERATIONS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SAP SE, SA AMERICA, INC., and SAP LABS, LLC,<br><br>Defendants. | No. 2:20-mc-00074-RSM<br><br>**DECLARATION OF BENJAMIN J. BYER IN SUPPORT OF MICROSOFT CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL** |

I, Benjamin J. Byer, declare as follows:

1. I am a partner with Davis Wright Tremaine LLP, counsel for Microsoft Corporation ("Microsoft") in this action and in connection with the Subpoena to Produce Documents issued by Teradata US, Inc., Teradata Corporation, and Teradata Operations (collectively "Teradata") to Microsoft (the "Subpoena"). I have personal knowledge of the matters referred to in this declaration.

2. On September 14, 2020, Microsoft filed its response to Teradata's first motion to compel. *See* ECF No. 6. Following the response, I continued ongoing negotiations with counsel for SAP to amend the protective order to protect Microsoft's production. SAP's counsel explained to me that they were coordinating revisions to the protective order with Teradata's counsel and counsel for other third parties requesting similar modifications.

BYER DECL. ISO RESPONSE TO MOT. TO COMPEL
(2:20-mc-00074-RSM) - 1
4838-3869-1029v.5 0025936-003252

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

3. On December 10, 2020, Microsoft made another document production in response to Teradata's subpoena, the day after the stipulated modified protective order was entered by the court. Attached as **Exhibit 1** is a true and correct copy of a letter dated December 10, 2020, from our paralegal to Teradata's counsel.

4. On December 18, I met and conferred with Teradata's counsel, who raised, for the first time, alleged deficiencies with Microsoft's long-planned production.

5. Teradata disputed those requests that Microsoft indicated it had fully completed, refused to narrow or compromise on requests that were overly burdensome and required manual assembling not in the ordinary course of business, and did not address the lengthy objections that Microsoft had set out in its opposition to Teradata's first motion to compel. Additionally, Teradata raised new requests, requiring interviews of various personnel on multiple product lines to determine whether responsive documents existed, all to be done at a time when most of Microsoft's personnel were on holiday.

6. Microsoft has continued to investigate whether it has fully responded to requests 2 and 3, and whether it can reasonably locate responsive documents in response to requests 1, 4-7, and 9.

7. Teradata did not raise any issues before December 14, 2020, with the position Microsoft's September 15, 2020 opposition described. During the parties' December 18th meet and confer, Teradata's counsel did not narrow its request for Request No. 1, but simply reiterated its same demand. I agreed to follow-up with Microsoft to investigate what documents Microsoft could provide efficiently that would be responsive and relevant.

8. For Request No. 2, Microsoft produced responsive, non-privileged documents it located as part of its December 10th production. I oversaw extensive searching for materials responsive to this document request. This searching included approximately 17 interviews of various Microsoft employees to identify and collect responsive documents. Microsoft did not limit its searching by year or industry. During the parties' December 18th meet and confer, Teradata requested Microsoft conduct additional searching for competitive assessment of the

BYER DECL. ISO RESPONSE TO MOT. TO COMPEL
(2:20-mc-00074-RSM) - 2
4838-3869-1029v.5 0025936-003252

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

data warehouse and analytics market.  Microsoft conducted the additional search as requested and did not locate any additional responsive materials.  Indeed, Microsoft employees confirmed that the additional material Teradata sought would not likely exist because of the nature of the publicly available information about those products.  I informed Teradata's counsel as part of my December 23rd letter that Microsoft did not locate any additional responsive materials.

9. For Request No. 3, Microsoft produced responsive, non-privileged documents it located as part of its December 10th production.  This searching included the numerous interviews of various Microsoft employees to identify and collect responsive documents.  Microsoft did not limit its searching by date or whether the responsive materials described "wins" or "losses."  During the parties' December 18th meet and confer, Teradata requested Microsoft conduct additional searches for materials describing "losses."  Microsoft conducted the additional searches as requested and did not locate any additional responsive materials.  Indeed, Microsoft employees confirmed that the additional material Teradata sought would not likely exist because Microsoft did not create reports describing losses as part of its ordinary course of business.  I informed Teradata's counsel as part of my December 23rd letter that Microsoft did not locate any additional responsive materials.

10. For Request No. 4, on September 4, 2020, I explained to Teradata's counsel that Microsoft could produce documents for its top customers for each product for each year Teradata requested, and explained why producing similar documents for smaller customers would be burdensome.  As part of its December 10th production, Microsoft produced documents in response to this request for its top 10 customers.  During the parties' December 18th meet and confer, I again explained to Teradata's counsel the burden to Microsoft to produce similar materials for Microsoft's 90 smaller customers.  At the time of the meet and confer, Teradata agreed to accept production of documents for Microsoft's top 25 customers, yet it demands documents for all 100 customers in its motion to compel.  On January 4, Microsoft informed Teradata that it had confirmed it could and would produce documents for Microsoft's top 25 customers under the amended protective order.  Teradata agreed this mooted the portion of its

BYER DECL. ISO RESPONSE TO MOT. TO COMPEL
(2:20-mc-00074-RSM) - 3
4838-3869-1029v.5 0025936-003252

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

motion that addresses Request No. 4.  Attached as **Exhibit 4** is a true and correct copy an e-mail exchange dated January 4, 2021, between myself and Teradata's counsel.

11.     Before December 14, 2020, Teradata did not raise any issues with the position Microsoft's September 15, 2020, opposition described with respect to Request Nos. 5 and 7. During the parties' December 18th meet and confer, Teradata's counsel asked Microsoft to search for four sets of e-mails for these requests, which included (1) internal Microsoft e-mails about communications Microsoft had with SAP, (2) complaints Microsoft received from its customers about SAP, (3) complaints Microsoft made to its customers about SAP, and (4) any complaints Microsoft made to antitrust regulators about SAP.  Teradata's counsel requested Microsoft to search for the e-mails in the possession of the employees who manage Microsoft's relationships with the 25 largest customers Teradata sought for Request No. 4, not the three employees who managed Microsoft's relationship with SAP.  I agreed to follow-up with Microsoft to investigate whether such communications are likely to exist, and the burden to Microsoft to conduct the search Teradata now requested, and offered to update Teradata's counsel by the first week of 2021.

12.     Teradata did not raise any issues before December 14, 2020, with the position Microsoft's September 15, 2020, opposition described with respect to Request No. 9.  During the parties' December 18th meet and confer, Teradata's counsel requested Microsoft search for documents sufficient to show any interoperability of SAP's products with other products.  I explained to Teradata's counsel as part of my December 23rd letter that Microsoft has no reason to believe it has documents describing the interoperability of SAP's products with third-party products and that it would be conducting searches for documents sufficient to show any interoperability of SAP's products with Microsoft's ERP products.  Microsoft conducted that searching and produced responsive documents on December 31, 2020.

13.     Attached as **Exhibit 2** is true and correct copy of a letter dated December 23, 2020, from me to Teradata's counsel.

BYER DECL. ISO RESPONSE TO MOT. TO COMPEL
(2:20-mc-00074-RSM) - 4
4838-3869-1029v.5 0025936-003252

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

14. Attached as **Exhibit 3** is true and correct copy of an e-mail exchange dated July 21, 2020, between myself and Teradata's counsel.

I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct.

Executed on January 4, 2021, in Seattle, Washington.

             *s/ Benjamin J. Byer*
              Benjamin J. Byer

BYER DECL. ISO RESPONSE TO MOT. TO COMPEL
(2:20-mc-00074-RSM) - 5
4838-3869-1029v.5 0025936-003252

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax