# EXHIBIT 2



Suite 3300
920 Fifth Avenue
Seattle, WA  98104-1610

**Benjamin J. Byer**
206-757-8105 tel
206-757-7105 fax

benbyer@dwt.com

December 23, 2020

*Via Email*

David Grothouse
Morrison & Foerster
2100 L Street, NW
Suite 900
Washington, D.C. 20037
dgrothouse@mofo.com

Re:   Teradata Subpoena to Microsoft

Dear Mr. Grothouse:

This letter responds to your email on Monday, December 21, 2020, our December 18 discussion, and your December 15 email.  I have organized this response according to the ordering of the third-party discovery requests for which Teradata now seeks additional searching and production.

**Request for Production No. 1**.  This request seeks "Documents comprising or reflecting Your product roadmaps, promotional materials, product development plans, and marketing plans for each of the ERP Applications or EDAW Products and related services that You offer."

Our September 15, 2020, opposition to Teradata's Motion to Compel (Dkt. 6) explained why this request was overbroad and overly burdensome, covering dozens of versions of one product, all versions of two other product, and spanning nearly ten years.  You have not offered to narrow or otherwise focus this request.  Nonetheless, we are working with our client to determine what documents we can provide efficiently that would be responsive and relevant.  At present, much of the Microsoft staff is on vacation for the holiday, but we are still seeking what information we can get immediately.

**Request for Production No. 2**.  This request seeks competitive assessments.  We conducted an extensive search for responsive materials and have produced to Teradata all non-privileged material we located.  On December 18, I confirmed this, and confirmed that we did not limit our production by year or industry.  You asked us to conduct additional searching for "competitive assessment of the data warehouse and analytics market."  We have now completed that

4827-3701-3205v.1 0025936-003252

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

David Grothouse
December 23, 2020
Page 2

additional searching and confirmed that Microsoft does not have more materials responsive to this request.

**Request for Production No. 3**. This request seeks what you have termed "win-loss reports." We conducted an extensive search for responsive materials and have produced to Teradata all non-privileged material we located. On December 18 I confirmed this, and confirmed that we did not limit our production by year or whether the reports described wins or losses. You asked us to conduct additional searching for reports focusing on lost sales. We have now completed that additional searching and confirmed that Microsoft does not have additional materials responsive to this request.

**Request for Production No. 4**. This request seeks material regarding Microsoft's largest customers, by revenue, for three sets of products. We conducted an extensive search for responsive materials and produced to Teradata, as soon as the amended protective order was in place, details regarding Microsoft's top 10 customers. Our September 15, 2020, brief explained the unduly burdensome manual effort involved in putting this production together, and why we believed producing the top 10 customers balanced the burden on Microsoft while providing Teradata the material most relevant to its request.

On December 18, I provided you additional details on the burden to Microsoft, and explained that Microsoft needed to manually process the data you requested because it does not organize its sales information in the manner in which Teradata requested it. You asked us to consider producing additional documents covering Microsoft smaller customers, and stated you would accept a production of the next 15 smaller customers. We are investigating now what burden this would impose on Microsoft. Currently, most Microsoft employees (including our client contacts) are out for the holidays. We therefore will update you on this request no later than the first week of the year.

**Requests for Production Nos. 5 and 7**. These request seek a variety of documents that "comprise" or "relate to" Microsoft's communications with SAP. Throughout numerous meet and confers, Teradata explained that it sought these emails from Microsoft and not SAP because its underlying lawsuit with SAP imposed restrictions on the electronic discovery Teradata could obtain from SAP. Our September 15, 2020 brief explained our position on these requests.

On December 18, you asked us to conduct searches for four sets of emails: (1) internal Microsoft emails about communications Microsoft had with SAP, (2) complaints Microsoft received from its customers about SAP, (3) complaints Microsoft made to its customers about SAP, and (4) any complaints Microsoft made to antitrust regulators about SAP. SAP is both a customer of and a competitor to Microsoft. We understand it is unlikely that Microsoft has such communications and we are working with our client to investigate these communications. Currently, most Microsoft employees (including our client contacts) are out for the holidays. We therefore will update you on these requests no later than the first week of the year.

David Grothouse
December 23, 2020
Page 3

**Request for Production No. 9**.  This request seeks "Documents sufficient to show the existence of any restrictions or prohibitions imposed by SAP on the ability of users of any SAP ERP Application to transfer, export, or extract data derived, created, or processed by such SAP ERP Applications for use or storage in a Named Product."  We have conducted a search for documents sufficient to show any interoperability of SAP's products and Microsoft's ERP products.  We will produce the documents we located no later than the first week of the year.  We have no reasons to believe Microsoft is likely to have documents showing the interoperability of SAP's products with non-Microsoft products and are working with our client to investigate the existence of these documents.  Currently, most Microsoft employees (including our client contacts) are out for the holidays.  We therefore will update you on this request no later than the first week of the year.

As I explained on December 18 and repeated in my December 19 email, filing a premature motion to compel without giving us an opportunity to look into issues you met and conferred on for the first time on December 18 since the filing of our opposition would violate of both the letter and spirit of the Western District of Washington's local rules that requires the parties to make a true effort to resolve disputes before rushing to the court.  We therefore reserve our right to seek fees should Teradata file a second improper motion to compel.

Very truly yours,

Davis Wright Tremaine LLP

Benjamin J. Byer

Cc:   David Cross
      Diana Siri Breaux