# EXHIBIT 3

| | |
|---|---|
| **From:** | Byer, Ben |
| **Sent:** | Tuesday, July 21, 2020 5:27 PM |
| **To:** | Cross, David D.; Kaiser, Mary |
| **Cc:** | Maas, David; Grothouse, David E. |
| **Subject:** | RE: Teradata Corp., et al. v. SAP, et. al., No. 3:18-cv-3670-WHO (N.D. Cal.) |

Hi David,

Thanks for helping to provide some more color here.  We understand you'd prefer the documents immediately, but Teradata's delay created your predicament.  Teradata delayed serving this subpoena until two years after initiating this case.  Further, although our initial response explained that we need the identity of the product versions you are interested in, and although you agreed to do that during our meet and confers, you did not send that until last week.  And when you did, you failed to target your request.  Instead, you've identified 28 products by version number, three products without version numbers, and failed to narrow your date range, insisting that we search for responsive material spanning nearly 10 years.  Four days later, your team sent the below email threatening to go to the court.

You have also yet to adequately explain why you need Microsoft to search for communications with SAP and restrictions SAP imposes on its products, which you can get directly from SAP.  You told us that SAP has claimed limits on certain eDiscovery but that doesn't explain why you can't get documents if they're truly relevant.  Please tell us what efforts you have taken to get these documents from SAP so that we can assess the reasonableness of seeking them from Microsoft.

We are continuing to assess whether Microsoft has responsive documents, which we cannot simply pull from a readily available database.  We are instead in the process of working with the business unit to determine what is possible and what isn't; where the burden lies and where it doesn't based on the information you sent last week.  With folks working remotely, this takes more time than it typically would.  We also need to understand and account for SAP's subpoena, to which we have not yet even responded.  Your proposal that we conduct two searches ignores that doing a compressive search dramatically reduces the burden on Microsoft because both parties' requests appear to seek the same material for overlapping but different sets customers.  For example, please take a look at your requests 2 and 3, and SAP's requests 1 and 2 and let me know if you see no overlap.  Conversely, you've identified no prejudice to Teradata if Microsoft takes the far more efficient approach—just a general claim that this is "just one part of a broader discovery strategy."

We continue to search for materials respective to your patent requests and are in the process of pulling physical materials from Microsoft's archives.  We have made arrangements to ship these materials to attorneys' residences for individualized review.  Due to COVID, things simply cannot happen as quickly as they might under better circumstances with a full staff at Microsoft's able to pull material from archives and outside counsel working in offices.  Nonetheless, we continue to move forward and expect to complete this review in the coming weeks.

Finally, please consider whether you are able to narrow your requests to a more reasonable set of products and identify the version of "EDAW" products you are interested in.  Happy to discuss if you have any questions or suggestions to speed this process.  In the meantime, we believe motion practice would be premature and would seek fees and costs if that's how you proceed.

Thank you,
Ben

**Ben Byer** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8105 | Fax: (206) 757-7105

Email: benbyer@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Monday, July 20, 2020 5:59 PM
**To:** Byer, Ben <BenByer@dwt.com>; Kaiser, Mary <MKaiser@mofo.com>
**Cc:** Maas, David <DavidMaas@dwt.com>; Grothouse, David E. <DGrothouse@mofo.com>
**Subject:** RE: Teradata Corp., et al. v. SAP, et. al., No. 3:18-cv-3670-WHO (N.D. Cal.)

Hi Ben –

While we appreciate that a plan is forthcoming, the timing is problematic. Two more weeks even to get a proposed plan from you will have us approaching three months since we served the subpoena, and without any documents produced. To answer your question, the timing issue you're missing, respectfully, is that – as Mary noted – this subpoena and the discovery we're seeking is just one part of a broader discovery strategy that will be informed and guided in part by the discovery we receive from you as a major player in the industry. We served the subpoena when we did – well before the close of fact discovery – for that very reason. We've been patient in trying to negotiate an agreeable scope and to try to avoid involving the Court, but unfortunately we're running out of time for that. I don't see why you'd need another two weeks simply to send us a plan for what you will produce and when. If you can't send us that by the end of this week, then regrettably we'll need to get help from the Court. We especially can't afford to lose two more weeks only to find that we're at impasse on important categories of discovery and/or on timing for completing production. If we can't agree on the plan, then we should determine that now so we can promptly obtain help from the Court.

Regarding SAP's subpoena, we of course appreciate the burden your client bears in this litigation as a third party, which is why we've spent the last couple months trying to reach agreement with you on scope and timing for production. Hopefully you can appreciate the unfairness and prejudice our client would suffer if those efforts were to suddenly get delayed or derailed simply because SAP chose to serve its own subpoena well after we served ours. The way I've handled such situations in the past was to complete negotiations with the first party to serve the subpoena, for which the other party will receive the same documents, and then to separately negotiate with the other party any additional narrow discovery that would be necessary and appropriate. I don't see why this approach wouldn't work here. In any event, SAP's subpoena doesn't change your client's obligations to timely produce documents responsive to our subpoena, and we need to complete that relatively soon—ideally without involving the Court.

We remain available to discuss any of these issues as needed and to try to reach agreement on the path forward.

Thanks very much.
DC

---

**From:** Byer, Ben <BenByer@dwt.com>
**Sent:** Monday, July 20, 2020 8:41 PM
**To:** Kaiser, Mary <MKaiser@mofo.com>
**Cc:** Maas, David <DavidMaas@dwt.com>; Cross, David D. <DCross@mofo.com>; Grothouse, David E. <DGrothouse@mofo.com>
**Subject:** RE: Teradata Corp., et al. v. SAP, et. al., No. 3:18-cv-3670-WHO (N.D. Cal.)

**- External Email -**

Hi Mary,

Thanks for explaining.  We're in the process of investigating how we can efficiently locate documents in response to both subpoenas.  We expect to have a plan within two weeks and will be back in touch with both parties with a proposal.  Given that the only deadline you identified comes in 2021, we don't see any harm this efficient plan would

cause Teradata.  Conversely, forcing Microsoft to run multiple, overlapping searches just weeks apart would needlessly impose undue burden on a non-party.  Please let me know if you see some timing issue I am missing here.

Thanks,
Ben


**Ben Byer** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8105 | Fax: (206) 757-7105
Email: benbyer@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Kaiser, Mary <MKaiser@mofo.com>
**Sent:** Monday, July 20, 2020 12:59 PM
**To:** Byer, Ben <BenByer@dwt.com>
**Cc:** Maas, David <DavidMaas@dwt.com>; Cross, David D. <DCross@mofo.com>; Grothouse, David E. <DGrothouse@mofo.com>
**Subject:** RE: Teradata Corp., et al. v. SAP, et. al., No. 3:18-cv-3670-WHO (N.D. Cal.)

Hi Ben,

The deadline for fact discovery is January 15, 2021. However, this does not affect Microsoft's obligation to timely produce documents in response to a subpoena that has been pending for two months. Given Microsoft's significance in the industry at issue, we need its documents to help inform other discovery efforts in the case. We, therefore, need a complete production from Microsoft well before the end of fact discovery, hence the timing of the subpoena. Please let us know whether Microsoft will commit to a reasonable and firm date for production. Otherwise, as we have said, we will have to seek relief from the court.

Thanks,
Mary

**From:** Byer, Ben <BenByer@dwt.com>
**Sent:** Friday, July 17, 2020 7:11 PM
**To:** Kaiser, Mary <MKaiser@mofo.com>
**Cc:** Maas, David <DavidMaas@dwt.com>; Cross, David D. <DCross@mofo.com>; Grothouse, David E. <DGrothouse@mofo.com>
**Subject:** RE: Teradata Corp., et al. v. SAP, et. al., No. 3:18-cv-3670-WHO (N.D. Cal.)

- External Email -

Hi Mary,

The parties' failure to coordinate third-party discovery does not create a requirement for Microsoft to run multiple searches for the same material simply because one party fired off its subpoena a few weeks before the other.  Nonetheless, I understand you'd prefer information sooner rather than later.  Additional background here would help.  When does discovery close and what upcoming deadlines do you have?

Thanks,
Ben

**Ben Byer** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8105 | Fax: (206) 757-7105

Email: benbyer@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Kaiser, Mary <MKaiser@mofo.com>
**Sent:** Friday, July 17, 2020 8:47 AM
**To:** Byer, Ben <BenByer@dwt.com>
**Cc:** Maas, David <DavidMaas@dwt.com>; Cross, David D. <DCross@mofo.com>; Grothouse, David E. <DGrothouse@mofo.com>
**Subject:** RE: Teradata Corp., et al. v. SAP, et. al., No. 3:18-cv-3670-WHO (N.D. Cal.)

Hi Ben,

Teradata served its subpoena to Microsoft 8 weeks ago on May 22. SAP's decision to serve a subpoena now does not change or affect Microsoft's obligation to timely produce discovery in response to our long-outstanding subpoena. We have been patient in waiting this long, and in trying to narrow the scope of the requests and provide guidance for the types of documents sought and potential custodians. Microsoft either needs to commit to a reasonable and firm date for production or we will have to seek relief from the court. We remain available for a call to the extent it would be helpful, but need a prompt response regarding the timing of a production.

Thanks,
Mary

**MARY KAISER**
Associate | Morrison & Foerster LLP
2000 Pennsylvania Avenue, NW | Washington, DC 20006-1888
**P:** +1 (202) 887-6952
mofo.com | LinkedIn | Twitter

---

**From:** Byer, Ben <BenByer@dwt.com>
**Sent:** Thursday, July 16, 2020 7:37 PM
**To:** Kaiser, Mary <MKaiser@mofo.com>
**Cc:** Maas, David <DavidMaas@dwt.com>; Cross, David D. <DCross@mofo.com>; Grothouse, David E. <DGrothouse@mofo.com>
**Subject:** RE: Teradata Corp., et al. v. SAP, et. al., No. 3:18-cv-3670-WHO (N.D. Cal.)

- External Email -

---

Hi Mary,

Earlier today SAP served us a subpoena in this matter that at least partially overlaps with your requests. As you can imagine, we cannot run multiple searches for the same information. Your below email compounds the issue by not meaningfully narrowing your subpoena or addressing the issues we raised during our meet and confers. This places us in an tough position. We are now looking at both subpoenas, trying to identify the overlap, and working on a way that we can efficiently respond to both. We'll circle back soon when we have more, but this new subpoena obviously throws a wrench into the works. This does not, however, affect our ongoing efforts on your patent requests, as we don't see overlap there. We are continuing our search for documents responsive to those requests. But because of the age of the material you seek and COVID restrictions, we're having to pull from archives and ship materials for review, which takes some time.

Thanks,
Ben

**Ben Byer** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8105 | Fax: (206) 757-7105
Email: benbyer@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Kaiser, Mary <MKaiser@mofo.com>
**Sent:** Thursday, July 16, 2020 9:08 AM
**To:** Byer, Ben <BenByer@dwt.com>
**Cc:** Maas, David <DavidMaas@dwt.com>; Cross, David D. <DCross@mofo.com>; Grothouse, David E. <DGrothouse@mofo.com>
**Subject:** RE: Teradata Corp., et al. v. SAP, et. al., No. 3:18-cv-3670-WHO (N.D. Cal.)

Hi Ben,

Following up on my email below, please let us know when you are available for a call to discuss any remaining issues with the scope and timing of Microsoft's production.

Thanks,
Mary

---

**From:** Kaiser, Mary
**Sent:** Monday, July 13, 2020 9:41 AM
**To:** 'Byer, Ben' <BenByer@dwt.com>
**Cc:** Maas, David <DavidMaas@dwt.com>; Cross, David D. <DCross@mofo.com>; Grothouse, David E. <DGrothouse@mofo.com>
**Subject:** RE: Teradata Corp., et al. v. SAP, et. al., No. 3:18-cv-3670-WHO (N.D. Cal.)

Hi Ben,

Thank you for the update on the patent requests. As you know, we have already limited our antitrust-related requests (Requests 1-9) to 4 products and their predecessors that were sold during the relevant time frame. For ERP Applications, we believe all relevant product and versions include:

- Microsoft Dynamics 365
- Microsoft Dynamics CRM 2011
- Microsoft Dynamics CRM 2013
- Microsoft Dynamics CRM 2015
- Microsoft Dynamics CRM 2016
- Microsoft Dynamics GP 2010 R2 (11.0 SP2)
- Microsoft Dynamics GP 2013 (12.0)
- Microsoft Dynamics GP 2013 R2 (12.0)
- Microsoft Dynamics GP 2015 (14.0)
- Microsoft Dynamics GP 2015 R2 (14.0)
- Microsoft Dynamics GP 2016 (16.0)
- Microsoft Dynamics GP 2016 R2 (16.0)
- Microsoft Dynamics GP 2018 (18.0)
- Microsoft Dynamics GP 2018 R2 (18.0)
- Microsoft Dynamics GP 2018 (18.2)
- Microsoft Dynamics AX 2012
- Microsoft Dynamics AX 2012 R2

5

- Microsoft Dynamics AX 2012 R3
- Microsoft Dynamics AX ("AX7")
- Microsoft Dynamics NAV 2013
- Microsoft Dynamics NAV 2013 R2
- Microsoft Dynamics NAV 2015
- Microsoft Dynamics NAV 2016
- Microsoft Dynamics NAV 2017
- Microsoft Dynamics NAV 2018
- Microsoft Dynamics SL 2011
- Microsoft Dynamics SL 2015
- Microsoft Dynamics SL 2018

For EDAW Products, we request information regarding all versions of SQL Server Enterprise Edition, Azure Data Warehouse, and Azure SQL Database that were sold between January 1, 2011 and present.

We need to resolve any remaining disputes over the scope and timing of Microsoft's production this week. Please let us know when you are available for a call.

Thanks,
Mary

---

**From:** Byer, Ben <BenByer@dwt.com>
**Sent:** Thursday, July 9, 2020 7:05 PM
**To:** Kaiser, Mary <MKaiser@mofo.com>
**Cc:** Cross, David D. <DCross@mofo.com>; Maas, David <DavidMaas@dwt.com>
**Subject:** RE: Teradata Corp., et al. v. SAP, et. al., No. 3:18-cv-3670-WHO (N.D. Cal.)

**- External Email -**

Hi Mary,

When we spoke last you agreed to provide us a list of specific product versions and more limited date range. We're still waiting on that. Once we have that, we'll take another look at the requests and re-evaluate the objections we laid out in our letter and discussed on our calls. Can you please give us a status update? In the meantime, we've completed doc collection on the patent requests and have loaded those documents into our database. We're in the process of doing doc review now and expect to produce in the next few weeks.

Thanks,
Ben

**Ben Byer** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8105 | Fax: (206) 757-7105
Email: benbyer@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Kaiser, Mary <MKaiser@mofo.com>
**Sent:** Thursday, July 9, 2020 9:24 AM
**To:** Byer, Ben <BenByer@dwt.com>
**Cc:** Cross, David D. <DCross@mofo.com>; Maas, David <DavidMaas@dwt.com>
**Subject:** RE: Teradata Corp., et al. v. SAP, et. al., No. 3:18-cv-3670-WHO (N.D. Cal.)

Ben,

Following up on my email below, please let us know today when we can expect a response or when you are available to discuss the subpoena response.

Thanks,
Mary

---

**From:** Kaiser, Mary <MKaiser@mofo.com>
**Date:** Friday, Jul 03, 2020, 12:53 PM
**To:** Byer, Ben <BenByer@dwt.com>
**Cc:** Cross, David D. <DCross@mofo.com>, Maas, David <DavidMaas@dwt.com>
**Subject:** RE: Teradata Corp., et al. v. SAP, et. al., No. 3:18-cv-3670-WHO (N.D. Cal.)

Ben,

We have identified three Microsoft employees who had many communications with SAP during the relevant time period and may potentially have helpful information and/or documents responsive to Teradata's requests. While Microsoft is responsible for determining the right custodians for these requests since we have limited insight into employee responsibilities there, these look like possible leads.

- Arnie Mondloch - Microsoft's SAP Global Partner Alliance Director
- Todd Kemmerly – Miscrosoft's SAP Partner Development Manager
- Jeurgen Thomas – Principal Program Manager for SAP on Azure

Can you please let us know when we can expect to hear from you about what Microsoft is prepared to produce in response to the subpoena and when?

Thanks,
Mary

---

**From:** Kaiser, Mary
**Sent:** Monday, June 29, 2020 8:50 AM
**To:** 'Byer, Ben' <BenByer@dwt.com>
**Cc:** Cross, David D. <DCross@mofo.com>; 'Maas, David' <DavidMaas@dwt.com>
**Subject:** RE: Teradata Corp., et al. v. SAP, et. al., No. 3:18-cv-3670-WHO (N.D. Cal.)

Hi Ben,

Following up on our call last week, Teradata believes that the versions of the Microsoft Named Products that are relevant to Requests 10 and 11 are as follows:

- Microsoft SQL Server 2000
- Microsoft SQL Server 2000 Analysis Services
- Microsoft Commerce Server 2000
- Microsoft Commerce Server 2002

We will follow up with you on the remaining requests this week.

Thanks,
Mary

---

**From:** Kaiser, Mary
**Sent:** Monday, June 22, 2020 8:56 AM
**To:** 'Maas, David' <DavidMaas@dwt.com>; Cross, David D. <DCross@mofo.com>
**Cc:** Byer, Ben <BenByer@dwt.com>
**Subject:** RE: Teradata Corp., et al. v. SAP, et. al., No. 3:18-cv-3670-WHO (N.D. Cal.)

Hi David,

The Thursday time works for us. Look forward to speaking with you then.

Thanks,
Mary

---

**From:** Maas, David <DavidMaas@dwt.com>
**Sent:** Sunday, June 21, 2020 8:33 PM
**To:** Kaiser, Mary <MKaiser@mofo.com>; Cross, David D. <DCross@mofo.com>
**Cc:** Byer, Ben <BenByer@dwt.com>
**Subject:** RE: Teradata Corp., et al. v. SAP, et. al., No. 3:18-cv-3670-WHO (N.D. Cal.)

- External Email -

---

Mary and David,

Hope you're having a nice weekend.  Ben and I are available to continue our meet and confer this coming Thursday (6/25) from 8:30-9:15 a.m. PST or Friday (6/26) from 11:30-12:30 PST.  Let us know if either of those times work for you.

Best,

David

**David Maas** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98177
Tel: (206) 757-8184 | Fax: (206) 757-7174
Email: davidmaas@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Byer, Ben <BenByer@dwt.com>
**Sent:** Tuesday, June 16, 2020 9:54 AM
**To:** Kaiser, Mary <MKaiser@mofo.com>
**Cc:** Cross, David D. <DCross@mofo.com>; Maas, David <DavidMaas@dwt.com>
**Subject:** RE: Teradata Corp., et al. v. SAP, et. al., No. 3:18-cv-3670-WHO (N.D. Cal.)

Hi Mary,

I'm working with David Maas on this, and looking into dates we're both available.  I hope to be back to you today.

Thanks,
Ben

8

**Ben Byer** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8105 | Fax: (206) 757-7105
Email: benbyer@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Kaiser, Mary <MKaiser@mofo.com>
**Sent:** Tuesday, June 16, 2020 8:20 AM
**To:** Byer, Ben <BenByer@dwt.com>
**Cc:** Cross, David D. <DCross@mofo.com>
**Subject:** RE: Teradata Corp., et al. v. SAP, et. al., No. 3:18-cv-3670-WHO (N.D. Cal.)

Hi Ben,

Following up on my email below, please let us know when you are available for a call.

Thanks,
Mary

---

**From:** Kaiser, Mary
**Sent:** Friday, June 12, 2020 9:26 PM
**To:** Byer, Ben <BenByer@dwt.com>
**Cc:** Cross, David D. <DCross@mofo.com>
**Subject:** RE: Teradata Corp., et al. v. SAP, et. al., No. 3:18-cv-3670-WHO (N.D. Cal.)

Hi Ben,

Please let us know your availability for a call to discuss the subpoena and objections on Monday or Tuesday next week.

Thanks,
Mary

---

**From:** Merritt, Lisa <LisaMerritt@dwt.com>
**Sent:** Friday, June 12, 2020 7:22 PM
**To:** Kaiser, Mary <MKaiser@mofo.com>
**Cc:** Byer, Ben <BenByer@dwt.com>
**Subject:** Teradata Corp., et al. v. SAP, et. al., No. 3:18-cv-3670-WHO (N.D. Cal.)

**- External Email -**

---

Dear Ms. Kaiser,

Attached please find Microsoft's objections to the subpoena served by Teradata in this matter.

Best regards,

Lisa

**Lisa Merritt** | Davis Wright Tremaine LLP
Executive Legal Assistant to Stuart Dunwoody, Brendan Mangan, Ben Byer and Rachel Herd
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104-1610
Tel: (206) 757-8490 | Fax: (206) 757-7700
Email: lisamerritt@dwt.com | Website: www.dwt.com

9

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

===========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.