# EXHIBIT 4

| | |
|---|---|
| **From:** | Grothouse, David E. <DGrothouse@mofo.com> |
| **Sent:** | Monday, January 04, 2021 1:04 PM |
| **To:** | Byer, Ben; Cross, David D. |
| **Cc:** | Maas, David; Diana Siri Breaux |
| **Subject:** | RE: Teradata subpoena to Microsoft - Update |

Ben,

We accept this in response to Request Number 4, and awe gree that this resolves Request Number 4 and only Request Number 4.

We also note that Microsoft's offer is the bare minimum Teradata was willing to accept and is no less than what Magistrate Judge Spero ordered for Oracle (for more products).

Teradata welcomes any further compromises on any of the remaining disputed requests.

Please include this email in Microsoft's response brief to avoid any confusion as to what has been agreed.

Thanks,

Dave

---

**From:** Byer, Ben <BenByer@dwt.com>
**Sent:** Monday, January 4, 2021 3:04 PM
**To:** Grothouse, David E. <DGrothouse@mofo.com>; Cross, David D. <DCross@mofo.com>
**Cc:** Maas, David <DavidMaas@dwt.com>; Diana Siri Breaux <dianab@SummitLaw.com>
**Subject:** RE: Teradata subpoena to Microsoft - Update

**External Email**

---

Dave,

I've confirmed we can produce Top 25.  Please let me know whether that moots the portion of your motion that address Request 4.

Thanks,

**Ben Byer** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8105 | Fax: (206) 757-7105
Email: benbyer@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Grothouse, David E. <DGrothouse@mofo.com>
**Sent:** Monday, December 21, 2020 1:43 PM

1

**To:** Cross, David D. <DCross@mofo.com>; Byer, Ben <BenByer@dwt.com>
**Cc:** Maas, David <DavidMaas@dwt.com>; Diana Siri Breaux <dianab@SummitLaw.com>
**Subject:** RE: Teradata subpoena to Microsoft - Update

Ben,

See below for some clarifications on our conversation on Friday, although to be clear, this is not an attempt to correct every inaccuracy. As David noted below, we disagree with the characterization that we raised "numerous new issues" on the call.

Thanks,

Dave

*****

**Request 2**: To be clear, Teradata has never agreed that this request should be limited to a single central depository of competitive assessments. I noted that Microsoft's production in response to this request is very limited, and that it is very unlikely that Microsoft does not maintain any competitive assessments of major products that compete with Microsoft data warehouse products such as Microsoft SQL Server. Our ask to is that Microsoft conduct a more thorough search for responsive competitive assessments, including those available before 2019.

**Request 3**: I noted Microsoft's production in response to this request does not appear to contain any loss reports at all or any win reports from before 2019. We understand that this is based on the limited information available in the repository Microsoft has searched. To be clear, Teradata does not believe that this is a complete production. However, Microsoft has not provided Teradata with further information that would allow it to request additional searches, such as a limited set of custodians that may have such competitive assessments.

**Request 4**: I first pointed out that Microsoft's claim in its previous briefing that Teradata was asking for data on "Microsoft's smallest customers" (see pg. 10 of Microsoft's opposition) was misleading because Microsoft has thousands of customers for each of the requested products. Teradata limited its request to the top 100. I also said that the top 25 customers would be the *bare minimum* Teradata may be willing to accept, not that Teradata was asking Microsoft to expand to 25.

**Requests 5 & 7**: The request for the categories of information you noted below is not a "new ask."

The face of Request 5 asks for, in part, documents *relating* to communications between SAP and Microsoft about SAP's licensing restrictions. As we made clear in our previous motion to compel almost four months ago, the purpose of this language was to capture highly relevant Microsoft internal documents related to how SAP has communicated to Microsoft about its licensing restrictions. Furthermore, I reminded you that we had identified three potential Microsoft custodians that may have relevant documents, and you asked us to provide them with you again. They are:
- Arnie Mondloch - Microsoft's SAP Global Partner Alliance Director
- Todd Kemmerly – Miscrosoft's SAP Partner Development Manager
- Jeurgen Thomas – Principal Program Manager for SAP on Azure

I also pointed out that the bulk of Request 7 asks for documents comprising or relating to communications that have nothing to do with SAP. This is abundantly clear from the face of the request. Microsoft's objection to this request in its opposition to Teradata's first motion was focused only on communications with SAP, and Microsoft has not explained since why all of the other requested communications are not relevant. Again, Teradata's request for these other communication is not "new."

2

Finally, you requested, for the first time, that we share some search terms to use for custodians for Requests 5 and 7. While it is difficult to provide such search terms without the context of the custodians to which they will be applied, see below for some initial suggestions:

**Request 5**

- (HANA OR "S/4" OR "S/4HANA" OR S4*) w/10 (interop* OR integrat* OR extract OR export OR access OR replicat*)

**Request 7**

- (HANA OR "S/4" OR "S/4HANA" OR S4*) w/30 (leave OR lose OR lost OR churn OR terminat* OR block* OR shut OR stop OR dead OR cancel* OR walk OR "void" OR "convert")

- (HANA OR "S/4" OR "S/4HANA" OR S4*) w/30 (complain* OR problem* OR restrict*)

---

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Monday, December 21, 2020 7:53 AM
**To:** Byer, Ben <BenByer@dwt.com>; Grothouse, David E. <DGrothouse@mofo.com>
**Cc:** Maas, David <DavidMaas@dwt.com>; Diana Siri Breaux <dianab@SummitLaw.com>
**Subject:** RE: Teradata subpoena to Microsoft - Update

Ben -

The degree to which you have misstated the facts in our seven months of negotiations, including in your email below, is deeply concerning. Your personal attack on me below is as false as it is inappropriate. I did not refuse to meet and confer. I invited you to have a productive discussion. You refused, instead repeatedly misstating our negotiations and refusing to offer proposals (unlike every other third party we've negotiated similar subpoenas with). It is false to say that we raised anything new in our discussion.

We are under no obligation to negotiate the same issues with you endlessly. Seven months is ample time to try to reach resolution, and we're simply retreading the same ground in each discussion because you refuse to engage with us in a meaningful way (again, unlike the other third parties). Any claim to the Court that we met and conferred on any issue for the first time last Friday would be dishonest and a serious breach of your ethical duties. We've been extremely patient with you for many months. If Microsoft were going to cooperate, it could have done so any time since May when we served the subpoena. It is painfully clear that you instead intend to drag this out forever with the false narrative that negotiations are always ongoing. Your threat to seek fees is not well taken given how much time and cost we've invested in seven months of negotiations.

We will file our motion. If you'd like to finally resolve these issues after we do so, we welcome that. But given we're nearing the end of discovery, we can wait no longer for your cooperation. And your repeated false statements give us no hope for resolution without help from the Court.

DC

---

**From:** Byer, Ben <BenByer@dwt.com>
**Date:** Monday, Dec 21, 2020, 12:09 AM

3

**To:** Grothouse, David E. <DGrothouse@mofo.com>, Cross, David D. <DCross@mofo.com>
**Cc:** Maas, David <DavidMaas@dwt.com>, Diana Siri Breaux <dianab@SummitLaw.com>
**Subject:** RE: Teradata subpoena to Microsoft - Update

**External Email**

Dave,

Thanks for talking with me on Friday, December 18, 2020. I appreciate the opportunity to hear your concerns and discuss our issues. I am sorry that David Cross did not believe he needed to participate in our meet and confer, instead insisting he'd just file a motion. His name calling, bullying, and express refusal to meet and confer highlights why we have made little progress to date. You raised numerous new issues on the call that we were happy to consider, and that we agreed to investigate. Below is a summary of what we discussed. Please let me know if you think I've missed or misstated anything.

Request 1: You asked why we did not produce on this request and I explained that our opposition to your motion to compel detailed our position, which had not changed. This is the first time since we filed that opposition that we have discussed this request. After we discussed this request David Cross lost his temper and hung up.

Request 2: Microsoft has a central repository of competitive assessments. We produced everything they could locate covering the companies you identified and did not filter by year or industry. You asked us to investigate whether they might have reports addressing the "data warehouse and analytics market" stored somewhere else and we agreed to discuss this with our client.

Request 3: Microsoft does not generally create loss reports. It has a central repository of win reports, and we pulled what we could locate without filtering by year. You did not request additional searching here.

Request 4: You'd like us to ask the client if they would expand from the top 10 customers to the to 25. I explained the burden this imposed and the manual work required to do this but agreed to discuss this with the client. I will get back to you by December 23.

Requests 5 and 7: Our opposition to your motion first motion to compel set out Microsoft's positions on this request. After our discussion, you asked us to consider searching for four sets of emails: (1) internal Microsoft emails about communications Microsoft had with SAP, (2) any complaints Microsoft received from its customers about SAP, (3) complaints Microsoft made to customers about SAP, and (4) any complaints Microsoft made to antitrust regulators about SAP. You offered to provide us the search terms you'd want run. We will investigate with the client who at Microsoft would likely be in possession of any such communications and the burden that this searching would impose. Understand that many employees are not working over the holidays, so we will inquire and get what we can as soon as we can.

Request 9: Our opposition to your motion first motion to compel set out Microsoft's positions on this request. After our discussion, you asked us to consider searching for internal Microsoft emails discussing whether Microsoft employees believe SAP's licensing restrictions are, in fact, restrictions. I explained that we will discuss this request with the client again.

I'm on a family vacation now, but return to the office on Tuesday and will look into everything I've noted above. In the meantime, I repeat what I explained over the phone—filing a premature motion to compel without giving us an opportunity to look into issues you met and conferred on for the first time on December 18 would violate of both the letter and spirit of the Western District of Washington's local rules that requires the parties to make a true effort to

resolve disputes before rushing to the court. We therefore reserve our right to seek fees should Teradata file a second improper motion to compel.

Thanks,
Ben

**Ben Byer** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8105 | Fax: (206) 757-7105
Email: benbyer@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Grothouse, David E. <DGrothouse@mofo.com>
**Sent:** Friday, December 18, 2020 4:02 PM
**To:** Byer, Ben <BenByer@dwt.com>; Cross, David D. <DCross@mofo.com>
**Cc:** Maas, David <DavidMaas@dwt.com>; Diana Siri Breaux <dianab@SummitLaw.com>
**Subject:** RE: Teradata subpoena to Microsoft - Update

Ben,

Thank you for your time today. We were willing to walk through Teradata's narrowed requests again, as we have many times before, but we note that we yet again found ourselves repeating discussions we've already had many times through dozens of prior calls and emails with you over the past seven months. Furthermore, to your repeated argument that some of our requests aren't clear on their face or from our many previous communications, we addressed each of them in the motion we filed almost four months ago. At no point since you responded to that motion have you indicated any need for further clarification of any of our requests until today, at which point you simply repeated the same arguments that you've been making since early last summer.

For example, in regards to Teradata's Request 5, you noted that Teradata had previously not been clear that its request included communications beyond those between SAP and Microsoft, such as internal Microsoft communications about the same subject. Not only have we explained that to you in many previous communications — and it is clear from the face of the request (which asks for documents comprising *or* relating to communications with SAP regarding SAP's conduct) — we unambiguously explained this in our motion in August.

At the end of today's call, you claimed that the Local Rules prohibit us from moving to compel because the parties are still "negotiating." Your claim is far from accurate and not well taken. Standing on the same objections, persisting with the same arguments, and claiming ignorance of facts already discussed many times over a period of seven months is not "negotiating." We've been extraordinarily patient with you given the challenging circumstances we've all faced this year. The parties unquestionably are at impasse and have been for a long time. Any claim to the contrary is simply not accurate. Given your representations to the Court last September, we had expected a robust production that would obviate many of our longstanding disputes. Unfortunately, that didn't happen. We now have no choice but to return to the Court for help.

We plan on filing a motion early next week. We are of course willing to continue working with Microsoft to try to reach an agreement or at least narrow our disputes. But that will require you to finally engage with us in a good faith effort to find common ground, rather than continuing to retread old ground. We have worked out reasonable agreements with two other major third-party providers in the industry on the same requests. You alone have been unwilling to do that.

Dave

**From:** Byer, Ben <BenByer@dwt.com>
**Sent:** Tuesday, December 15, 2020 9:14 PM
**To:** Cross, David D. <DCross@mofo.com>
**Cc:** Maas, David <DavidMaas@dwt.com>; Diana Siri Breaux <dianab@SummitLaw.com>; Grothouse, David E. <DGrothouse@mofo.com>
**Subject:** RE: Teradata subpoena to Microsoft - Update

**External Email**

David,

We have not "declined to confer." You raised new questions that we cannot answer without first talking with various departments at Microsoft. We have already reached out to our clients to do so but will not be in a position to give you answers tomorrow. I therefore suggest a call this Friday at 10:00am Pacific. In the meantime, here's my initial reaction based on the numerous calls we conducted over the summer. I understand that we produced all the competitive assessments we found that covered any of the companies listed in Teredata's subpoena, and did not limit the search by market or year—but we will double check and look into the "data warehouse and analytics market." Likewise on the win/loss reports, I do not think Microsoft keeps "loss reports" and we produced all reports we were able to locate, and did not apply any date resection— but we will confirm. Microsoft's production of sales information was intended to covers the products Teradata identified as the relevant Microsoft Dynamics ERP Applications, but again, we will confirm. In the meantime, please let me know why Teradata is requesting documents showing when each customer began using and stopped using Dynamics. I don't understand the relevance of that information to your lawsuit.

If you insist on bringing a premature motion to compel before we have an opportunity to get client feedback on the new issues you raised, we would need at least until January 18 to respond because of the intervening holidays and the pandemic. We therefore think it makes sense to wait to file this to give us an opportunity to investigate the questions you've raised and to accommodate the clients' plans for the holidays. If you're unwilling to wait to file your motion, please confirm you will notice your motion no sooner than January 18. If you are unwilling to do either, please let me know your availability for a call with the court tomorrow.

Thank you,
Ben

**Ben Byer** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8105 | Fax: (206) 757-7105
Email: benbyer@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Tuesday, December 15, 2020 3:41 PM
**To:** Grothouse, David E. <DGrothouse@mofo.com>; Byer, Ben <BenByer@dwt.com>
**Cc:** Maas, David <DavidMaas@dwt.com>; Diana Siri Breaux <dianab@SummitLaw.com>
**Subject:** RE: Teradata subpoena to Microsoft - Update

Ben -

We're refiling our motion this week. We can't afford further delay. We waited for months for a production that comes nowhere close to what we need or what we understood you were producing based on your prior representations. It's clear that your strategy has been to stall as long as possible since we served our subpoena in

May. We're prepared to try to resolve these issues on a call tomorrow. Otherwise we'll proceed with our filing and let the Court know you again declined to confer with us as requested.

DC

---

**From:** Grothouse, David E. <DGrothouse@mofo.com>
**Date:** Tuesday, Dec 15, 2020, 2:43 PM
**To:** Byer, Ben <BenByer@dwt.com>
**Cc:** Cross, David D. <DCross@mofo.com>, Maas, David <DavidMaas@dwt.com>, Diana Siri Breaux <dianab@SummitLaw.com>
**Subject:** RE: Teradata subpoena to Microsoft - Update

Ben,

Below are some of the deficiencies based on Teradata's initial review of Microsoft's production:

- Microsoft does not appear to have produced documents responsive to Teradata's Request Nos. 1, 5, 7, and 9
- Microsoft's production includes only a small number of competitive assessments in response to Teradata's Request No. 2.
    - Many of these assessments apply to a limited set of use cases in the broader applications market, with only a few relevant to the ERP Applications market
    - Teradata has not located any competitive assessment of the data warehouse and analytics market
    - From the limited information available within the documents, the competitive assessments Teradata was able to locate were limited to 2019 and 2020
- While Microsoft did produce a significant amount of documents responsive to Teradata's Request No. 3, these appear to be limited to Microsoft "wins."
    - Teradata has not been able to locate any information in Microsoft's production related to Microsoft losses.
    - Furthermore, according to the limited information available within the documents, these win reports appear be limited to 2019 and 2020
    - Microsoft has also not indicated whether it keeps information responsive to Teradata's Request No. 3 in a centralized database. It would be surprising if it does not, considering Microsoft sells a product (Microsoft Dynamics CRM) that performs precisely this function.
- In response to Teradata's Request No. 4, Microsoft produced only data on the revenue Microsoft earned from its top 10 customers of four relevant products or product categories, whereas Teradata's Request No. 4 asked for data on Microsoft's top 100 customers
    - Microsoft's production did not include the other information requested in Teradata's Request No. 4 on when each customer began using and stopped using the relevant product
    - Furthermore, Microsoft produced the top 10 customers for all of its Microsoft Dynamics products, as opposed to just its Microsoft Dynamics ERP Applications products.

Let us know if you think we missed anything in Microsoft's production.

Please let us know when you are available tomorrow to discuss.

Thanks,

Dave

7

**From:** Byer, Ben <BenByer@dwt.com>
**Sent:** Tuesday, December 15, 2020 2:12 PM
**To:** Grothouse, David E. <DGrothouse@mofo.com>
**Cc:** Cross, David D. <DCross@mofo.com>; Maas, David <DavidMaas@dwt.com>; Diana Siri Breaux <dianab@SummitLaw.com>
**Subject:** RE: Teradata subpoena to Microsoft - Update

**External Email**

Dave,

Please let us know what Teradata believes is deficient in our production.  Without knowing what the issue is, we'd have no way to get ready for a meet and confer.

Thanks,
Ben

**Ben Byer** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8105 | Fax: (206) 757-7105
Email: benbyer@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Grothouse, David E. <DGrothouse@mofo.com>
**Sent:** Monday, December 14, 2020 9:11 AM
**To:** Byer, Ben <BenByer@dwt.com>
**Cc:** Cross, David D. <DCross@mofo.com>; Maas, David <DavidMaas@dwt.com>; Diana Siri Breaux <dianab@SummitLaw.com>
**Subject:** RE: Teradata subpoena to Microsoft - Update

Ben,

Following up on the below, we have reviewed Microsoft's production and found it to be deficient in responding to Teradata's antitrust-related requests.

Please let us know your availability to meet and confer in the next couple of days (no later than Thursday) to discuss.  Teradata intends to refile our motion to compel unless Microsoft agrees to adequately supplement its production.

Thanks,

Dave

**From:** Grothouse, David E.
**Sent:** Friday, December 11, 2020 10:33 AM
**To:** 'Byer, Ben' <BenByer@dwt.com>
**Cc:** Cross, David D. <DCross@mofo.com>; Maas, David <DavidMaas@dwt.com>
**Subject:** RE: Teradata subpoena to Microsoft - Update

Thanks, Ben.

We received your productions yesterday and are processing them. The cover letter to the productions did not indicate to which of Teradata's requests the productions were responsive nor if Teradata should expect additional productions.

Can you please indicate to which of Teradata's requests yesterday's productions were meant to be responsive? Also, does Microsoft intend to make additional productions, and if so, when?

Thanks,

Dave

---

**From:** Byer, Ben <BenByer@dwt.com>
**Sent:** Wednesday, December 9, 2020 7:22 PM
**To:** Grothouse, David E. <DGrothouse@mofo.com>
**Cc:** Cross, David D. <DCross@mofo.com>; Maas, David <DavidMaas@dwt.com>
**Subject:** RE: Teradata subpoena to Microsoft - Update

**External Email**

---

Thanks Dave. We'll get the production out ASAP—hopefully tomorrow.

Ben

**Ben Byer** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8105 | Fax: (206) 757-7105
Email: benbyer@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Grothouse, David E. <DGrothouse@mofo.com>
**Sent:** Wednesday, December 9, 2020 9:45 AM
**To:** Byer, Ben <BenByer@dwt.com>
**Cc:** Cross, David D. <DCross@mofo.com>; Maas, David <DavidMaas@dwt.com>
**Subject:** RE: Teradata subpoena to Microsoft - Update

Ben,

The modified PO has been entered. See attached.

Please let us know when to expect the additional Microsoft productions that have been awaiting this.

Thanks,

Dave

---

**From:** Byer, Ben <BenByer@dwt.com>
**Sent:** Monday, December 7, 2020 8:41 PM
**To:** Grothouse, David E. <DGrothouse@mofo.com>

9

**Cc:** Cross, David D. <DCross@mofo.com>; Maas, David <DavidMaas@dwt.com>
**Subject:** RE: Teradata subpoena to Microsoft - Update

**External Email**

David,

We're good with this subject to two changes:

> Please update the first sentence of 2.7 to read: ". . . all items or information, including from any Non-Party, regardless of the medium or manner. . ."

> Please change the notice period of 7.7(b) to 7 calendar days or 5 business days (we don't care which). Three days isn't sufficient notice.

Thanks,
Ben

**Ben Byer** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8105 | Fax: (206) 757-7105
Email: benbyer@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Grothouse, David E. <DGrothouse@mofo.com>
**Sent:** Friday, December 4, 2020 3:05 PM
**To:** Byer, Ben <BenByer@dwt.com>
**Cc:** Cross, David D. <DCross@mofo.com>; Maas, David <DavidMaas@dwt.com>
**Subject:** RE: Teradata subpoena to Microsoft - Update

Ben,

Please see attached an amended protective order we plan to file jointly with SAP on Monday in NDCA. This is the product of negotiations with SAP and multiple other third parties, and we believe it provides adequate protection for third party materials.

Thanks,

Dave

**From:** Byer, Ben <BenByer@dwt.com>
**Sent:** Tuesday, December 1, 2020 5:10 PM
**To:** Cross, David D. <DCross@mofo.com>; Grothouse, David E. <DGrothouse@mofo.com>; Maas, David <DavidMaas@dwt.com>
**Cc:** Diana Siri Breaux <dianab@SummitLaw.com>; Beauchamp, Joe <jbeauchamp@JonesDay.com>
**Subject:** RE: Teradata subpoena to Microsoft - Update

**External Email**

David,

We asked for your proposal weeks ago—I don't know whether the delay in proposing it originated with Teradata or SAP, but it didn't originate with Microsoft. Indeed, we responded the same day you sent your proposal. Your proposal simply doesn't make sense. Any violation of this order would likely occur as part of Teradata's litigation in the Northern District of California. Indeed, your proposal incorporates and expressly cites a procedure laid out in Local Rule 79-5 of the Northern District of California. We don't see why a Judge in the Western District of Washington should be interpreting the Northern District of California's local rules and attempting to unravel a disclosure that took place in your lawsuit. Judge Spero is in a far better position to do both and we question whether burying this in Washington complies with the duty of candor to the court. Nonetheless, we don't object to your current experts and I understand discovery closes soon. Has Teradata finalized its selection of experts? If so, there may be a simpler amendment that adds the outside counsel only level and ensures Microsoft's materials won't be shared with a new expert it objects to, and then file the amended PO in the Northern District of California.

Thanks,
Ben

**Ben Byer** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8105 | Fax: (206) 757-7105
Email: benbyer@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Tuesday, November 24, 2020 6:26 PM
**To:** Byer, Ben <BenByer@dwt.com>; Grothouse, David E. <DGrothouse@mofo.com>; Maas, David <DavidMaas@dwt.com>
**Cc:** Diana Siri Breaux <dianab@SummitLaw.com>; Beauchamp, Joe <jbeauchamp@JonesDay.com>
**Subject:** RE: Teradata subpoena to Microsoft - Update

Ben -

This is surprising and seems intended for delay. You've known for weeks we were preparing a PO to file in WA for Microsoft, just as we have in other cases. You could and should have told us weeks ago you wouldn't agree to this. You led us to believe you would. This has been an enormous waste of time and money.

And your position is without merit. You've cited no case to support your objection to filing this in WA, and we've confirmed we've done this for third-party competitors in monopolization cases in multiple federal courts in other cases. I've no idea what you mean by your reference to Judge Spero and the duty of candor. Again, there's nothing unusual about this, much less improper.

Lastly, we specifically revised this to conform to the standard WA PO. It's not accurate to say that this relies heavily on the ND Cal Local Rules.

Please reconsider and let's get this resolved at last. I'm sure Judge Martinez would have no problem entering a PO agreed to by SAP, Teradata, and Microsoft, as with other federal judges in the same circumstances. Judge Martinez obviously has jurisdiction to do this per the motion we originally filed and that you represented was unnecessary because of your commitment to produce much of what we've requested. You represented to the Court months ago you'd produce your documents by September 28. We're long past that promised date without the promised production.

Thanks.
DC

---

**From:** Byer, Ben <BenByer@dwt.com>
**Date:** Tuesday, Nov 24, 2020, 7:21 PM
**To:** Grothouse, David E. <DGrothouse@mofo.com>, Maas, David <DavidMaas@dwt.com>
**Cc:** Cross, David D. <DCross@mofo.com>, Diana Siri Breaux <dianab@SummitLaw.com>, Beauchamp, Joe <jbeauchamp@JonesDay.com>
**Subject:** RE: Teradata subpoena to Microsoft - Update

**External Email**

---

David,

Our experience with the Northern District of California has led us to conclude that filing a protective order in the case that only applies to Microsoft might not go well with the Court. We prefer that any protective order be filed in the case in chief and apply to everyone. Microsoft is not a party to this action and does not approve taking any action that Judge Spero may find to be in conflict with the duty of candor. Furthermore, the PO you're proposing relies heavily on the Northern District of California's local rules. Judge Spero is in a far better position to interpret and enforce those than Judge Martinez. This disconnect between the language of the PO and the forum you're proposing further highlight that this ought to be filed in the underlying action before Judge Spero.

Thanks,
Ben

**Ben Byer** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8105 | Fax: (206) 757-7105
Email: benbyer@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Grothouse, David E. <DGrothouse@mofo.com>
**Sent:** Tuesday, November 24, 2020 9:34 AM
**To:** Byer, Ben <BenByer@dwt.com>; Maas, David <DavidMaas@dwt.com>
**Cc:** Cross, David D. <DCross@mofo.com>; Diana Siri Breaux <dianab@SummitLaw.com>; Beauchamp, Joe <jbeauchamp@JonesDay.com>
**Subject:** RE: Teradata subpoena to Microsoft - Update

Ben,

Please see attached the proposed stipulated protective order we would like to file in the Western District of Washington. We have been working with SAP, and this is a version that both parties have agreed to. I've copied Joe Beauchamp, SAP's counsel from Jones Day.

We understand from Diana that we can file the stipulated PO on the same docket (MISC NO. 2:20-mc-0074 RSM ) and Judge Martinez would then decide whether to reopen the case and rule on it.

Please let us know if you have any questions,

Dave

**From:** Byer, Ben <BenByer@dwt.com>
**Sent:** Friday, November 6, 2020 5:25 PM
**To:** Grothouse, David E. <DGrothouse@mofo.com>; Maas, David <DavidMaas@dwt.com>
**Cc:** Cross, David D. <DCross@mofo.com>; Diana Siri Breaux <dianab@SummitLaw.com>; Conaway, Jenna B. <JConaway@mofo.com>
**Subject:** RE: Teradata subpoena to Microsoft - Update

**External Email**

Hi David,

Can you please send us exactly what you propose filing (with the correct caption), how you propose doing so, and confirm SAP has agreed to it?

Thanks,
Ben

**Ben Byer** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8105 | Fax: (206) 757-7105
Email: benbyer@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee

is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.