UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERADATA CORPORATION, TERADATA US, INC., and TERADATA OPERATIONS, INC.<br><br>                Plaintiffs,<br><br>  v.<br><br>SAP SE, SAP AMERICA, INC., and SAP LABS, LLC,<br><br>                Defendants. | MISC NO. 2:20-mc-00074-RSM<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY FROM MICROSOFT CORPORATION** |

PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY FROM MICROSOFT CORPORATION

MISC. NO. 2:20-mc-00074-RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## I.   INTRODUCTION

Teradata served its subpoena on Microsoft over *seven months* ago. Since then, the parties have engaged in countless meet-and-confers, by email and telephone, continuing until just days before Teradata was forced to file this Motion—a fact Microsoft does not and cannot dispute. (*See*, *e.g.*, Dkt. 18-3, 18-4.) Microsoft also admits that despite those seven months of negotiations, including Teradata significantly narrowing its requests and forgoing others, Microsoft still refuses to produce documents Teradata needs in response to all but one of the narrowed requests at issue. Only Request 4 is resolved, and only because Microsoft finally agreed—hours before filing its response—to accept terms another court already ordered for the same request made to another third-party competitor. Microsoft's refusals today are based on the same boilerplate objections and unsubstantiated claims it asserted in June and has repeated ever since. These are the facts.

And yet, Microsoft has the audacity to argue that "Teradata's Motion is premature because it failed to exhaust the meet and confer process." (Dkt. 17 at 5.) This claim is so far removed from reality that it borders on bad faith.[1] Microsoft betrays its intention to drag things out indefinitely and avoid producing meaningful discovery by arguing that "the Court should deny the motion" because "[t]he meet and confer process on these requests is not complete." (*Id.* at 11.) Under Microsoft's approach, no meet-and-confer process can ever be complete if the producing party perpetually insists on repetitive negotiations even when maintaining longstanding positions.

Tellingly, Microsoft devotes much of its response to its inaccurate meet-and-confer arguments rather than the requests themselves. As to those, it offers only meritless arguments and vague allegations—for which it offers no evidence from anyone at Microsoft—about unsupported burden claims and purported search efforts that somehow yielded no responsive documents. The Court should order reasonable searches for each request and an immediate, complete production.

## II.   SEVEN MONTHS OF FAILED NEGOTIATIONS REQUIRED THIS MOTION

---

[1] Microsoft's claim that Teradata did not "extend common courtesies" to Microsoft during the ongoing pandemic is particularly not well taken. (Dkt. 17 at 2.) Parties do not typically negotiate subpoenas for *seven months*. Teradata has exhibited extraordinary patience with Microsoft.

PLAINTIFFS' REPLY IN SUPPORT OF ITS
MOTION TO COMPEL DISCOVERY FROM
MICROSOFT CORPORATION - 1

MISC. NO. 2:20-MC-00074-RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Teradata is reluctant to burden this Court with a rebuttal of Microsoft's inaccurate allegations and arguments regarding the parties' extensive meet-and-confer efforts. But because it is the centerpiece of Microsoft's response (thus betraying Microsoft's lack of meaningful arguments regarding the requests themselves), Teradata is obliged to respond to a degree.

Microsoft responded to Teradata's May 22, 2020 subpoena on June 12, 2020, with largely boilerplate objections centered on unsubstantiated burden claims. Teradata spent the next two months negotiating with Microsoft, including narrowing its requests, specifying a narrow set of relevant products for which it was seeking information, and identifying Microsoft employees as potential custodians (rather than Microsoft doing so itself). Microsoft offered no information or concessions in return, instead simply repeating its meritless, unsupported burden objections.

On July 16, 2020, Microsoft revealed that it was just starting to work on all but two of Teradata's requests. (Dkt. 16 at 126.) However, it noted that it would further delay that process because SAP had served a partially overlapping subpoena. (*Id.*) Four days later, Microsoft finally agreed to offer a "plan" in two weeks to "locate documents responsive to both subpoenas." (*Id.* at 124.) In other words, two months after receiving Teradata's subpoena, Microsoft had not started even *searching* for responsive documents and refused do so for at least two more weeks.

Microsoft's promised "plan" never came. More than two weeks later, on August 7, it announced that it was interviewing "individuals in the business unit" to locate documents for *only four* of Teradata's requests (Nos. 1-4) and that it "hop[ed] to have that pinned down next week"—which did not happen. (Dkt. 16 at 159.) Microsoft also announced that it had not searched, and would not search, for documents responsive to *five* other requests (Nos. 5-9). (*Id.* at 159.) Although the requests were proper (*id.* at 117-118), Teradata agreed to forgo two of them and to further narrow another. (*Id.*) Microsoft again went silent for two more weeks. (*Id.* at 158-159.) When it finally re-emerged, it offered nothing new. It was only at this point that Teradata filed its prior motion. (Dkt. 1.) With no "plan" or any commitments from Microsoft some three months after serving its subpoena, and no document production received, the motion was timely.

PLAINTIFFS' REPLY IN SUPPORT OF ITS
MOTION TO COMPEL DISCOVERY FROM
MICROSOFT CORPORATION - 2

MISC. NO. 2:20-MC-00074-RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Once faced with a motion to compel, Microsoft told this Court that it would "complete its collection and review of documents in response to Teradata's antitrust requests on September 21" and would produce those documents by September 28 if an appropriate protective order was entered. (Dkt. 6 at 4.) Based on this representation and believing protective order issues could be resolved quickly, Teradata withdrew its prior motion. But Microsoft again did not cooperate, dragging out negotiations with refusals and reversals. (*See*, *e.g.*, Dkt. 16 at 4-6, 141-142, 174.) Moreover, SAP's claim that "Teradata did not raise any issues before December 14, 2020, with the position Microsoft's September 15, 2020 opposition described" is incorrect. (Dkt. 18 at 2.) The parties had several calls in the months following that filing, and Teradata made clear that the anticipated production was not expected to be adequate but Teradata was waiting to review it to determine the precise scope of remaining disputes between the parties and to avoid Microsoft again arguing that Teradata should have awaited the production before moving to compel.

Microsoft finally made its long-awaited production on December 10, 2020. Teradata notified Microsoft on December 14 that it not only was inadequate, but not even what Teradata expected from Microsoft's prior representations and the many months of preceding negotiations. During the parties' December 18 meet-and-confer, Microsoft simply repeated its longstanding objections. Microsoft's claim that Teradata "raised new requests" in that call is absolutely untrue. For example, Microsoft complains that Teradata requested certain communications with customers and antitrust regulators concerning SAP's conduct. (Dkt. 18 at 4.) Not only had the parties discussed this same request *many times*, Request 7 *expressly* seeks these communications: "[d]ocuments comprising or relating to any communication between Microsoft and… any other competitor, *any customer*, or *any government authority* concerning any restrictions or prohibitions imposed by SAP . . . ." (Dkt. 16 at 25 (emphasis added).) Teradata expressly sought these documents in its prior motion. (Dkt. 1 at 12.) Teradata has made no "new requests." Period. Unfortunately, Microsoft has made no new offers to compromise except finally agreeing to provide (after this Motion was filed) what another court already ordered for Request 4.

PLAINTIFFS' REPLY IN SUPPORT OF ITS
MOTION TO COMPEL DISCOVERY FROM
MICROSOFT CORPORATION - 3
MISC. NO. 2:20-MC-00074-RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

### III. MICROSOFT BENEFITS GREATLY FROM SAP'S ANTICOMPETITIVE ACTS

Microsoft depicts itself as a mere bystander, with no stake in Teradata's case against SAP's anticompetitive efforts to leverage sales of its S/4HANA ERP Application to sell its HANA EDAW product. But Microsoft omits that it has an "extensive go-to-market partnership" with SAP *specifically* "to accelerate customer adoption of SAP S/4HANA" for use with Microsoft's Azure product.[2] This involves providing cloud data storage for customers using SAP's HANA product.[3] Microsoft itself has invested heavily in the success of SAP's S/4HANA and HANA products and thus has a strong financial incentive not to cooperate with Teradata's effort to stop SAP's anticompetitive efforts driving sales of those products. It is not a disinterested third party.

### IV. ARGUMENT ON TERADATA'S REQUESTS

Courts routinely recognize the need for broad discovery in antitrust cases. (Dkt. 14 at 5-6.) Yet, Teradata seeks only a handful of narrow categories of important documents from Microsoft, which another court already ordered (Dkt. 16 at 93) and other large competitors agreed to provide. Microsoft does not dispute the relevance or even respond to Dr. Hatzitaskos' declaration. (Dkt. 15.) Having failed to meet its burden, Microsoft should produce documents immediately.

#### A. Request No. 1

Microsoft admits Teradata already narrowed this request by agreeing not to pursue product roadmaps and development plans. (Dkt. 17 at 7.) Microsoft's refusal to produce documents relies only on boilerplate burden objections. (*Id.*) It provides no evidence or information beyond a vague claim that the narrow request would "require extensive employee time and expense" to locate documents. (*Id.*) It should produce the requested documents immediately.

#### B. Request No. 2

Microsoft vaguely claims to have conducted a "robust" search for documents for this request. (Dkt. 17 at 8.) However, it fails to explain how that search yielded only *12* competitive

---

[2] https://news.microsoft.com/2019/10/20/sap-partners-with-microsoft-for-first-in-market-cloud-migration-offerings/
[3] https://azure.microsoft.com/en-ca/blog/12-tb-vms-expanded-sap-partnership-on-blockchain-azure-monitor-for-sap-solutions/

PLAINTIFFS' REPLY IN SUPPORT OF ITS
MOTION TO COMPEL DISCOVERY FROM
MICROSOFT CORPORATION - 4

MISC. NO. 2:20-MC-00074-RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

assessments, none of which relate to EDAW Products, and all of which are from 2019 and 2020. Tellingly, it has refused to provide any details about its search methods, beyond that it conducted some unspecified number of "employee interviews." That a company as sophisticated as Microsoft would have so few competitive assessments over a ten-year period for products that compete for billions of dollars in revenue is incomprehensible. Microsoft's refusal to explain this or its search efforts leaves it short of meeting its burden to substantiate its objections and claims. The Court should order a reasonable search, to be described in detail by Microsoft in a sworn declaration from the company, and immediate production of responsive documents.

### C. Request No. 3

Microsoft vaguely claims to have conducted an "extensive" search for documents for this request. (Dkt. 17 at 8.) But it previously admitted it collected documents from a *single* "central repository of win reports" for this request. (Dkt. 16 at 165.) That production contains only win reports from only 2019 and 2020. Microsoft again provides no evidence or specific information to support its claim that it has no more responsive documents—which is baffling given Microsoft itself sells a product, Microsoft Dynamics CRM, that collects this very information. The Court should order a reasonable search, to be described in detail by Microsoft in a sworn declaration from the company, and immediate production of responsive documents.

### D. Request No. 4

This request is resolved per Microsoft's agreement, hours before filing its response, to finally accept the terms another court already ordered months ago for the same request.

### E. Request Nos. 5 and 7

Microsoft's claims that Teradata spent "months" requesting that Microsoft search only for communications *with SAP* in response to these requests and "shifted positions" in December to seek *internal* Microsoft communications relating to SAP highlights the stark inaccuracy of its allegations. (Dkt. 17 at 10-11.) Teradata expressly sought the latter category of communications

PLAINTIFFS' REPLY IN SUPPORT OF ITS
MOTION TO COMPEL DISCOVERY FROM
MICROSOFT CORPORATION - 5

MISC. NO. 2:20-MC-00074-RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

in its prior motion. (Dkt. 1 at 10.)[4] Moreover, Microsoft's claim directly contradicts the express language of Request No. 7, which includes "communication between Microsoft and … any other competitor, any customer, or any government authority" concerning SAP's anticompetitive conduct. (Dkt. 16 at 25.) Microsoft does not—and cannot—claim that Teradata ever withdrew its request for these communications (or documents relating to any such communications). The irrefutable facts show how unreliable Microsoft's allegations are here and the lengths it has resorted to in distorting reality. It should produce responsive documents immediately.

### F. Request No. 9

Microsoft's objection to Request No. 9 rests on a hyper-technical reading of the language and a willful disregard of what it has long understood the narrow request seeks. It claims that Teradata can obtain from SAP documents showing the mere "existence" of SAP's licensing terms. But as Teradata has explained many times, it challenges SAP's licensing practices as including anticompetitive restrictions and prohibitions. SAP disputes this. Request No. 9 seeks Microsoft documents *recognizing* such restrictions and prohibitions and their *impact* on Microsoft and its customers, many of whom use Microsoft databases with SAP's ERP Applications. Such documents *at Microsoft* are important to assess the anticompetitive impact of SAP's licensing practices, and obviously are not available from SAP. In short, Teradata is not seeking merely to establish the existence of SAP's licensing terms but rather recognition within Microsoft and among its customers that those terms *in practice* impose certain restrictions and prohibitions on customers and competitors that SAP disputes. This is at the core of Teradata's antitrust claims.

Lastly, there is nothing new about this request, as Microsoft wrongly claims. Teradata expressly sought these documents in its prior motion, and continued since. (Dkt. 1 at 10-11.)

### V. CONCLUSION

Microsoft has failed to meet its burden. The Court should order immediate production.

---

[4] Microsoft cites a single inapposite email for its claim. (Dkt. 17 at 10.) In it, Teradata merely offered three potential custodians because they "had many communications with SAP during the relevant time period" and thus likely have responsive internal communications with colleagues about their dealings with SAP. (Dkt. 16 at 129.)

PLAINTIFFS' REPLY IN SUPPORT OF ITS
MOTION TO COMPEL DISCOVERY FROM
MICROSOFT CORPORATION - 6

MISC. NO. 2:20-MC-00074-RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

DATED this 8th day of January, 2021.

Respectfully submitted,

SUMMIT LAW GROUP, PLLC

By *s/Diana Siri Breaux*
Diana Siri Breaux, WSBA #46112
315 Fifth Avenue S., Suite 1000
Seattle, WA 98104
Tel: (206) 676-7000
Fax: (206) 676-7001
dianab@summitlaw.com

MORRISON & FOERSTER LLP

By *s/David D. Cross*
David D. Cross (*Admitted Pro Hac Vice*)
2100 L Street, NW, Suite 900
Washington, DC 20037
Tel: (202) 887-8795
dcross@mofo.com

*Attorneys for Plaintiffs*

PLAINTIFFS' REPLY IN SUPPORT OF ITS
MOTION TO COMPEL DISCOVERY FROM
MICROSOFT CORPORATION - 7

MISC. NO. 2:20-MC-00074-RSM

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001